**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| THE COUNTY OF TRUMBULL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:18-cv-00147 |
| | ) | |
| PURDUE PHARMA L.P.; PURDUE PHARMA | ) | Action Filed:  December 18, 2017 |
| INC.; THE PURDUE FREDERICK  COMPANY, | ) | Action Served: December 22, 2017 |
| INC.; TEVA PHARMACEUTICALS USA, INC.; | ) | |
| CEPHALON, INC.; JOHNSON & JOHNSON; | ) | |
| JANSSEN PHARMACEUTICALS, INC.; | ) | |
| ORTHO-MCNEIL-JANSSEN | ) | |
| PHARMACEUTICALS, INC. N/K/A JANSSEN | ) | |
| PHARMACEUTICALS, INC.; JANSSEN | ) | |
| PHARMACEUTICA, INC. N/K/A JANSSEN | ) | |
| PHARMACEUTICALS, INC.; ENDO | ) | |
| PHARMACEUTICALS INC.; ALLERGAN PLC | ) | |
| F/K/A ACTAVIS PLC; ACTAVIS, INC. F/K/A | ) | |
| WATSON PHARMACEUTICALS, INC.; | ) | |
| WATSON LABORATORIES, INC.; ACTAVIS | ) | |
| LLC; ACTAVIS PHARMA, INC. F/K/A WATSON | ) | |
| PHARMA, INC.; ENDO HEALTH SOLUTIONS | ) | |
| INC.; INSYS THERAPEUTICS, INC.; | ) | |
| MCKESSON CORPORATION; CARDINAL | ) | |
| HEALTH, INC.; AMERISOURCEBERGEN | ) | |
| DRUG  CORPORATION; MIAMI-LUKEN, INC.; | ) | |
| RUSSELL PORTENOY; PERRY FINE; | ) | |
| SCOTT FISHMAN; and LYNN WEBSTER, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS ENDO HEALTH SOLUTIONS INC. AND
ENDO PHARMACEUTICALS INC.'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendants Endo Health Solutions Inc. and Endo Pharmaceuticals Inc. (collectively, "Endo") hereby give notice of removal of this action, captioned *The County of Trumbull v. Purdue Pharma L.P. et al.*, bearing case number 2017CV2266, from the Court of Common Pleas for Trumbull County, Ohio, to the United States District Court for the Northern District of Ohio.   Pursuant to 28 U.S.C. § 1446(a), Endo provides the following statement of the grounds for removal:

## BACKGROUND

1.      This action is one of many virtually identical opioid-related lawsuits filed by the same group of plaintiff lawyers on behalf of Ohio municipalities in Ohio state court against the same group of defendants: manufacturers of FDA-approved prescription opioid medications, four physicians, and distributors of opioid products.   In all of these cases, the allegations are virtually identical, with most of the allegations cut and pasted from complaint to complaint.   In each complaint, the plaintiff municipality alleges that the same group of manufacturers, along with the same four physicians, unlawfully promoted opioid medications by misrepresenting their risks. Each municipality also asserts separate claims against distributors resting on entirely different factual allegations having nothing to do with promotion or misrepresentations—an alleged failure to report suspicious orders of opioid products to authorities.

2.      While the claims against the manufacturers and four physicians are wholly distinct from the claims against the distributors, there is a straightforward reason that the plaintiff lawyers continue to lump these disparate claims together: to try to defeat diversity jurisdiction.   None of the manufacturers or physicians are Ohio citizens, but some of the distributors are.

3.      But federal jurisdiction cannot be so easily evaded.   Where, as here, a plaintiff sues diverse defendants and tacks on entirely distinct claims against one or more non-diverse

defendants in an effort to destroy diversity, it is proper for courts to ignore the citizenship of the non-diverse defendants, sever them, and retain diversity jurisdiction over the diverse parties.

4.        Thus, the basis for removal here is the same as in the many virtually identical opioid-related cases previously removed to this Court: there is complete diversity of citizenship between the plaintiff, on the one hand, and the manufacturers and physicians, on the other.   The citizenship of the distributors, some of which are non-diverse, should be ignored because they are subject to severance under Rule 21 (because they are unnecessary and dispensable parties under Rule 19 as well as misjoined under Rule 20) and the procedural misjoinder doctrine.   *See generally, e.g.*, *City of Parma v. Purdue Pharma L.P. et al.*, No. 1:17-cv-01872-DAP (N.D. Ohio), Doc. 1 (Not. of Removal) & Doc. 42 (Opp'n to Remand Mot.).

5.        On December 18, 2017, Plaintiff, the County of Trumbull, filed yet another one of these cut-and-paste opioid-related lawsuits in the Court of Common Pleas for Trumbull County, Ohio.   As in prior cases brought by the same plaintiff counsel, the Complaint (attached hereto, with process papers served upon Endo, as **Exhibit 1**) asserts claims against the following defendants:

  a.        "Manufacturer Defendants" — Endo Pharmaceuticals Inc.; Endo Health Solutions Inc.; Purdue Pharma L.P.; Purdue Pharma Inc.; The Purdue Frederick Company Inc.; Teva Pharmaceuticals USA, Inc.; Cephalon, Inc.; Johnson & Johnson; Janssen Pharmaceuticals, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Allergan plc f/k/a Actavis plc; Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.; Watson Laboratories, Inc.; Actavis LLC; Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.; and Insys Therapeutics, Inc.

  b.        "Physician Defendants" — Russell Portenoy; Perry Fine; Scott Fishman;

and Lynn Webster.

       c.     "Distributor Defendants" — McKesson Corporation; Cardinal Health, Inc. ("Cardinal"); AmerisourceBergen Drug Corporation; and Miami-Luken, Inc. ("Miami-Luken").

6.     The thrust of this Complaint—like its predecessors—is that the Manufacturer Defendants and Physician Defendants engaged in a marketing and promotional campaign based on misrepresentations about the risks of FDA-approved prescription opioid medications.   (Compl. ¶¶ 1-54 at pp. 1-16, ¶¶ 99-102, 201-207, 389-390.)[1]   According to Plaintiff, the Manufacturer Defendants and Physician Defendants' alleged conduct has caused Plaintiff to incur "health care costs, criminal justice and victimization costs, social costs, and lost productivity costs."   (*Id.* ¶ 54 at p. 16.)   All of the Manufacturer Defendants and Physician Defendants are citizens of states or foreign states other than Ohio.

7.     Unlike the allegations against the Manufacturer Defendants and Physician Defendants, none of Plaintiff's allegations against the Distributor Defendants relates to purported misrepresentations about opioid medications.   Instead, Plaintiff makes the familiar allegation that the Distributor Defendants "failed in their duty to take any action to prevent or reduce the distribution of [opioids]" or to notice and report "suspicious or alarming orders of opioid pharmaceuticals . . . to the proper authorities and governing bodies."   (*Id.* ¶¶ 711, 713; *see also id.* ¶¶ 717-724.)   And again, the Complaint further alleges that the Distributor Defendants failed to "prevent the flow of prescription opioids . . . into Trumbull County."   (*Id.* ¶ 724.)   Two Distributor Defendants, Cardinal and Miami-Luken, are Ohio citizens.   (*Id.* ¶¶ 81, 91.)   The

---

[1] The Complaint contains paragraph numbering errors mirroring errors of previously filed predecessor complaints.   The paragraph immediately after paragraph 54 (on page 16) is incorrectly numbered as paragraph 52, and the following paragraph is also numbered paragraph 52.   In addition, paragraph 57 (starting on page 17 and ending on page 19) is followed by a paragraph that is incorrectly numbered 54.   To avoid confusion, whenever Endo cites to paragraphs impacted by these errors, it will cite to page numbers as well as paragraph numbers.

other Distributor Defendants are citizens of states other than Ohio.   (*Id.* ¶¶ 74, 86.)

8.     The Complaint asserts ten causes of action against "all Defendants," although each individual claim rests almost entirely on conduct involving the Manufacturer Defendants and Physician Defendants only, on the one hand, or the Distributor Defendants only, on the other: (1) unfair consumer sales practices under chapter 1345 of the Ohio revised code; (2) deceptive trade practices under chapter 4165 of the Ohio revised code; (3) public nuisance and product liability; (4) fraud; (5) unjust enrichment; (6) negligence; (7) negligence per se; (8) negligent marketing; (9) racketeering under chapter 2923 of the Ohio revised code; and (10) injury through criminal acts under chapter 2307 of the Ohio revised code.   (*Id.* ¶¶ 743-851, 878-900.)[2]

9.     Endo Health Solutions Inc. received the Complaint through service on December 22, 2017, and Endo Pharmaceuticals Inc. received the Complaint through service on December 26, 2017.   Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served on Endo is attached hereto as **Exhibit 1**.   A copy of the state court docket and all documents filed in the state court action (other than the Complaint) is attached hereto as **Exhibit 2**.

10.     On December 5, 2017, the Judicial Panel on Multidistrict Litigation created a Multidistrict Litigation ("MDL") in this Court that would include this case and the many others like it, *i.e.*, cases in which "cities, counties and states . . . allege that: (1) manufacturers of prescription opioid medications overstated the benefits and downplayed the risks of the use of their opioids and aggressively marketed (directly and through key opinion leaders) these drugs to physicians, and/or (2) distributors failed to monitor . . . and report suspicious orders of prescription opiates."   *In re Nat'l Prescription Opiate Litig.*, MDL No. 2804, Doc. 328 (Dec. 5, 2017 Transfer Order) (attached as **Exhibit 3**).   Several virtually identical predecessor cases filed by the same

---

[2]  In pleading the causes of action, the Complaint—like many of its predecessors—jumps from paragraph 851 to 878, omitting paragraphs 852 through 877.

plaintiff lawyers before this one—which raise virtually identical removal issues—have already been transferred to the MDL.

## VENUE AND JURISDICTION

11.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 115, 1391, 1441(a), and 1446(a) because the Court of Common Pleas for Trumbull County, Ohio, where the Complaint was filed, is a state court within the Northern District of Ohio.

12.     This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because (1) there is complete diversity of citizenship between Plaintiff and all properly joined defendants; (2) the amount in controversy exceeds $75,000, exclusive of interests and costs; and (3) all other requirements for removal have been satisfied.

## I.     THERE IS COMPLETE DIVERSITY OF CITIZENSHIP BETWEEN PLAINTIFF AND ALL PROPERLY JOINED DEFENDANTS

13.     There is complete diversity of citizenship here because Plaintiff is an Ohio citizen and all of the Manufacturer Defendants and Physician Defendants are citizens of states or foreign states other than Ohio, *see* Part I.A *infra*, and the citizenship of the Distributor Defendants (two of which are non-diverse) should be ignored for purposes of diversity jurisdiction, *see* Part I.B *infra*. This is because the Distributor Defendants are subject to severance under Federal Rule of Civil Procedure 21 and the procedural misjoinder doctrine.[3]

---

[3] Though only two Distributor Defendants (Cardinal and Miami-Luken) are non-diverse, the Court should sever all of the Distributor Defendants because of the common factual allegations underlying the claims against those defendants.

A.       **Plaintiff Is Diverse from the Manufacturer and Physician Defendants**

1.  **Plaintiff Is a Citizen of Ohio**

14.      The County of Trumbull is an Ohio citizen for purposes of diversity jurisdiction. *See Moor v. Alameda Cty.*, 411 U.S. 693, 719-21 (1973); *Brown v. Marshall Cty., Ky.*, 394 F.2d 498, 500 (6th Cir. 1968).

2.  **None of the Manufacturer or Physician Defendants Is a Citizen of Ohio**

15.      For purposes of diversity jurisdiction, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."   28 U.S.C. § 1332(c)(1).   A partnership is a citizen of every state in which its partners are citizens.   *See Americold Realty Tr. v. ConAgra Foods, Inc.*, 136 S. Ct. 1012, 1015 (2016); *Hooper v. Wolfe*, 396 F.3d 744, 748 (6th Cir. 2005).

16.      Applying these principles, none of the Manufacturer or Physician Defendants is a citizen of Ohio.

17.      Defendant Endo Health Solutions Inc. is a corporation organized under the laws of Delaware with its principal place of business in Malvern, Pennsylvania.   (Compl. ¶ 67.)

18.      Defendant Endo Pharmaceuticals Inc. is a corporation organized under the laws of Delaware with its principal place of business in Malvern, Pennsylvania.   (*Id.*)

19.      Defendant Purdue Pharma L.P. is a limited partnership organized under the laws of Delaware, none of whose partners are citizens of Ohio.   (*See id.* ¶ 56 at p. 17.)   Its partners are Purdue Pharma Inc., a citizen of New York and Connecticut, and Purdue Holdings L.P.   Purdue Holdings L.P.'s partners are Purdue Pharma Inc., a citizen of New York and Connecticut; PLP Associates Holdings Inc., a citizen of New York and Connecticut; and PLP Associates Holdings L.P.   PLP Associates Holdings L.P.'s partners are PLP Associates Holdings Inc., a citizen of New York and Connecticut; and BR Holdings Associates L.P.   BR Holdings Associates L.P.'s partners

are BR Holdings Associates Inc., a citizen of New York and Connecticut; Beacon Company; and Rosebay Medical Company L.P. Beacon Company's partners are Stanhope Gate Corp., a citizen of the British Virgin Islands and Jersey, Channel Islands; and Heatheridge Trust Company Limited, a citizen of Jersey, Channel Islands. Rosebay Medical Company L.P.'s partners are Rosebay Medical Company, Inc., a citizen of Delaware and Connecticut; R. Sackler, a citizen of Texas; and J. Sackler, a citizen of Connecticut.

20.     Defendant Purdue Pharma Inc. is a corporation organized under the laws of Delaware with its principal place of business in Stamford, Connecticut. (*Id.*)

21.     Defendant The Purdue Frederick Company Inc. is a corporation organized under the laws of New York with its principal place of business in Stamford, Connecticut.

22.     Defendant Teva Pharmaceuticals USA, Inc. is a corporation organized under the laws of Delaware with its principal place of business in North Wales, Pennsylvania. (*Id.* ¶ 56 at p. 20.)

23.     Defendant Cephalon, Inc. is a corporation organized under the laws of Delaware with its principal place of business in Frazer, Pennsylvania. (*Id.* ¶ 57 at p. 20.)

24.     Defendant Johnson & Johnson is a corporation organized under the laws of New Jersey with its principal place of business in New Brunswick, New Jersey. (*Id.* ¶ 63.)

25.     Defendant Janssen Pharmaceuticals, Inc. is a corporation organized under the laws of Pennsylvania with its principal place of business in Titusville, New Jersey. (*Id.*)

26.     Defendant Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc. is a corporation organized under the laws of Pennsylvania with its principal place of business in Titusville, New Jersey. (*Id.*)

27.     Defendant Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc. is a

corporation organized under the laws of Pennsylvania with its principal place of business in Titusville, New Jersey.  (*Id.*)

28.     Defendant Allergan plc is a public limited company incorporated in Ireland with its principal place of business in Dublin, Ireland.  (*Id.* ¶ 70.)

29.     Defendant Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc. is a Nevada limited liability company.   Its sole member is Allergan W.C. Holding Inc. f/k/a Actavis W.C. Holding Inc., a Delaware corporation with its principal place of business in Parsippany, New Jersey.  (*See id.*)

30.     Defendant Watson Laboratories, Inc. is a Nevada corporation with its principal place of business in Parsippany, New Jersey.

31.     Defendant Actavis LLC is a Delaware limited liability company with its principal place of business in Parsippany, New Jersey.  (*Id.*)   Actavis LLC's sole member is Actavis US Holding LLC, a limited liability company organized under the laws of Delaware.   Actavis US Holding LLC's sole member is Watson Laboratories, Inc., a Nevada corporation with its principal place of business in Parsippany, New Jersey.  (*See id.*)

32.     Defendant Actavis Pharma, Inc., f/k/a Watson Pharma, Inc., is a Delaware corporation with its principal place of business in New Jersey.  (*Id.*)

33.     Defendant Insys Therapeutics, Inc. is a corporation organized under the laws of Delaware with its principal place of business in Chandler, Arizona.  (*Id.* ¶ 72.)

34.     Defendant Dr. Russell Portenoy is a citizen of New York.  (*Id.* ¶ 99.)

35.     Defendant Dr. Perry Fine is a citizen of Utah.  (*Id.* ¶ 100.)

36.     Defendant Dr. Scott Fishman is a citizen of California.  (*Id.* ¶ 101.)

37.     Defendant Dr. Lynn Webster is a citizen of Utah.  (*Id.* ¶ 102.)

38.     Accordingly, all of the Manufacturer Defendants and Physician Defendants are citizens of a state or foreign state other than Ohio.

**B.      The Citizenship of the Distributor Defendants Should Be Ignored**

**1.      The Distributor Defendants Should Be Severed Under Rule 21**

39.     Even where the face of a complaint shows a lack of complete diversity, removal based on diversity jurisdiction is nonetheless proper if the claims against the non-diverse defendants are severable under Federal Rule of Civil Procedure 21.   Defendants are severable under Rule 21 if they are either unnecessary or dispensable under Rule 19, or if the claims against them are sufficiently distinct from claims against other defendants under Rule 20.   Here, the Distributor Defendants should be severed on both grounds, each of which preserves diversity jurisdiction as to the Manufacturer Defendants and Physician Defendants.

40.     As to Rule 19, this Court and others have repeatedly severed non-diverse defendants and denied remand as to diverse defendants where, as here, the non-diverse defendants were unnecessary and dispensable, and the claims against non-diverse and diverse defendants rested on distinct factual allegations.  *See, e.g.*, *Joseph v. Baxter Int'l, Inc.*, 614 F. Supp. 2d 868, 872-74 (N.D. Ohio 2009); *DeGidio v. Centocor, Inc.*, No. 3:09CV721, 2009 WL 1867676, at *3-4 (N.D. Ohio July 8, 2009); *Kelly v. Aultman Physician Ctr.*, No. 5:13CV0994, 2013 WL 2358583, at *3 (N.D. Ohio May 29, 2013); *Mayfield v. London Women's Care, PLLC*, No. 15-19-DLB, 2015 WL 3440492, at *3-5 (E.D. Ky. May 28, 2015); *McElroy v. Hamilton Cty. Bd. of Educ.*, No. 1:12-cv-297, 2012 WL 12871469, at *2-3 (E.D. Tenn. Dec. 20, 2012); *Sullivan v. Calvert Mem'l Hosp.*, 117 F. Supp. 3d 702, 705-07 (D. Md. 2015); *Cooke-Bates v. Bayer Corp.*, No. 3:10-cv-261, 2010 WL 3984830, at *4 (E.D. Va. Oct. 8, 2010).

41.     Severance under these circumstances is consistent with the settled principle that alleged joint tortfeasors are unnecessary parties under Rule 19 as a matter of law.   *E.g.*, *Boggs v. Landmark 4 LLC*, No. 1:12 CV 614, 2012 WL 3485288, at *3 (N.D. Ohio Aug. 13, 2012).

42.     Beyond Rule 19, the claims against the Distributor Defendants are also misjoined under Rule 20, which provides a distinct basis for severance.   Rule 21 permits severance of claims against non-diverse defendants that do not "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences" as the claims against other defendants.   Fed. R. Civ. P. 20(a)(1)(A); *see Loeffelbein v. Milberg Weiss Bershad Hynes & Lerach, LLP*, No. Civ.A. 02-2435-CM, 2003 WL 21313957, at *5 (D. Kan. May 23, 2003).   Courts have repeatedly severed claims against non-diverse defendants and denied remand as to diverse defendants where, as here, the claims against the non-diverse defendants were separate and distinct, and arose from different transactions or occurrences.   *See, e.g.*, *Loeffelbein*, 2003 WL 21313957, at *6; *Sutton v. Davol, Inc.*, 251 F.R.D. 500, 505 (E.D. Cal. 2008); *Greene v. Wyeth*, 344 F. Supp. 2d 674, 683-84 (D. Nev. 2004); *Westley v. Progressive Specialty Ins. Co.*, No. 14-1410, 2014 WL 4489620, at *6-7 (E.D. La. Sept. 10, 2014); *Anderson v. State Farm Mut. Auto. Ins. Co.*, No. 4:08CV345-RH/WCS, 2008 WL 11366408, at *3 (N.D. Fla. Nov. 10, 2008); *DirecTV, Inc. v. Beecher*, 296 F. Supp. 2d 937, 945 (S.D. Ind. 2003); *Randleel v. Pizza Hut of Am., Inc.*, 182 F.R.D. 542, 543 (N.D. Ill. 1998).

43.     Severance is particularly appropriate here because it will enable the diverse parties to benefit from the significant efficiencies stemming from participation in coordinated MDL proceedings in this Court.   *See* Exhibit 3.   This Court and others have recognized the importance of these efficiencies in severing non-diverse defendants to perfect diversity jurisdiction.   *E.g.*, *Baxter*, 614 F. Supp. 2d at 873; *Mayfield*, 2015 WL 3440492, at *5; *Sullivan*, 117 F. Supp. 3d at

707; *Cooke-Bates*, 2010 WL 3984830, at *4; *Sutton*, 251 F.R.D. at 505.

### 2.  The Distributor Defendants Are Fraudulently Misjoined

44.    The citizenship of the Distributor Defendants alternatively should be ignored

because the claims against them are fraudulently misjoined.   "Fraudulent misjoinder occurs when

a plaintiff attempts to defeat removal by misjoining the unrelated claims of non-diverse party

plaintiffs against a defendant, or . . . by misjoining unrelated claims of a plaintiff against

non-diverse party defendants."   *Baxter*, 614 F. Supp. 2d at 874 (quoting *Geffen v. Gen. Elec. Co.*,

575 F. Supp. 2d 865, 869-72 (N.D. Ohio 2008)); *see also Tapscott v. MS Dealer Serv. Corp.*, 77

F.3d 1353, 1360 (11th Cir. 1996), *abrogated on another ground in Cohen v. Office Depot, Inc.*,

204 F.3d 1069 (11th Cir. 2000).

45.    In opioid-related cases like this one, federal district courts recently relied on the

fraudulent misjoinder doctrine to ignore the citizenship of non-diverse defendants and deny

remand based on diversity jurisdiction.   *See Cty. Comm'n of McDowell Cty. v. McKesson Corp.*,

263 F. Supp. 3d 639, 647 (S.D. W. Va. 2017); *City of Huntington v. AmerisourceBergen Drug*

*Corp.*, Civ. A. No. 3:17-01362, 2017 WL 3317300, at *4-5 (S.D. W. Va. Aug. 3, 2017).

46.    To be sure, the Sixth Circuit has not yet adopted the fraudulent misjoinder doctrine,

and some decisions from the Northern District of Ohio have declined to apply the doctrine.

*Baxter*, 614 F. Supp. 2d at 874; *Geffen*, 575 F. Supp. 2d at 871; *Rodriguez v. Tyco Healthcare*

*Grp., LP*, No. 1:08 GD 50327, 2008 WL 4683294, at *2 (N.D. Ohio Oct. 21, 2008).

47.    Nevertheless, at least one other court within the Sixth Circuit has applied the

doctrine.   *Asher v. Minn. Mining & Mfg. Co.*, No. Civ.A. 04-CV-522, 2005 WL 1593941, at *7-8

(E.D. Ky. June 30, 2005).   Even if the Court finds that the Distributor Defendants are not subject

to severance under Rule 21, it should find the claims against them misjoined under the procedural misjoinder doctrine.

48.     In sum, because Plaintiff is an Ohio citizen, and because none of the properly joined defendants is an Ohio citizen, there is complete diversity of citizenship.   *See* 28 U.S.C. § 1332(a).

## II.     THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

49.     "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."   *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).   Here, Plaintiff asserts that it has suffered "millions of dollars" in losses "[a]s a direct and foreseeable consequence of [Manufacturer] Defendants' wrongful conduct."   (Compl. ¶ 54 at p. 16.)   Plaintiff seeks "compensatory damages in an amount sufficient to . . . completely compensate Plaintiff for all damages" as well as treble damages and punitive damages.   (*Id.* Prayer for Relief ¶¶ i-iii.)   It is thus clear that the alleged amount in controversy exceeds $75,000, exclusive of interest and costs.

## III.    ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED

### A.     This Notice of Removal Is Timely

50.     This Notice of Removal is timely filed.   Endo Health Solutions Inc. received the Complaint through service on December 22, 2017, and Endo Pharmaceuticals Inc. received the Complaint through service on December 26, 2017.   Because Endo filed the Notice of Removal on January 18, 2018, removal is timely.   *See* 28 U.S.C. § 1446(b)(1).

### B.     All Properly Joined And Served Defendants Consent to Removal

51.     For purposes of removal based on diversity jurisdiction under 28 U.S.C. § 1332(a) and pursuant to 28 U.S.C. § 1446(b), all defendants who have been properly joined and served

must consent to removal.

52.    The following properly joined and served Defendants consent to removal, as indicated by their signing below:   Purdue Pharma L.P.; Purdue Pharma Inc.; The Purdue Frederick Company Inc.; Teva Pharmaceuticals USA, Inc.; Cephalon, Inc.; Johnson & Johnson; Janssen Pharmaceuticals, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.; Watson Laboratories, Inc.; Actavis LLC; Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.; Insys Therapeutics, Inc.; Dr. Russell Portenoy; Dr. Perry Fine; Dr. Scott Fishman; and Dr. Lynn Webster.   *See City of Cleveland v. Ameriquest Mort. Sec., Inc.*, 615 F.3d 496, 501 (6th Cir. 2010) (co-defendants may consent to removal by filing a written consent).

53.    The following properly joined Defendant has not been properly served, and thus its consent to removal is not required:   Allergan plc f/k/a Actavis plc.[4]  *See id.*   Nevertheless, it consents to removal.

54.    The following properly served Defendants have not been properly joined, and thus their consent to removal is not required:   McKesson Corporation; Cardinal; AmerisourceBergen Drug Corporation; and Miami-Luken.   Nevertheless, they consent to removal.

55.    By filing this Notice of Removal, neither Endo nor any other defendant waives any defense that may be available to them and reserve all such defenses.   If any question arises as to the propriety of the removal to this Court, Endo and the remaining properly joined defendants request the opportunity to present a brief and oral argument in support of their position that this case has been properly removed.

---

[4]  Allergan plc, an Irish company, has not been properly served and expressly reserves all defenses related to personal jurisdiction and service of process.

## CONCLUSION

WHEREFORE, Endo hereby removes this action from the Court of Common Pleas, Trumbull County, to the United States District Court for the Northern District of Ohio.

DATED:   January 18, 2018

/s/ Carole S. Rendon
Carole S. Rendon (0070345)
Tera N. Coleman (0090544)
BAKER & HOSTETLER LLP
Key Tower
127 Public Square, Suite 2000
Cleveland, OH 44114-1214
(216) 621-0200
crendon@bakerlaw.com
tcoleman@bakerlaw.com

Ingo W. Sprie, Jr.*
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
(212) 836-8000
Ingo.Sprie@apks.com

Sean Morris*
ARNOLD & PORTER KAYE SCHOLER LLP
777 S. Figueroa Street
44th Floor
Los Angeles, CA 90017
(213) 243-4000
Sean.Morris@apks.com

Attorneys for Defendants
ENDO HEALTH SOLUTIONS INC. and ENDO
PHARMACEUTICALS INC.
*denotes national counsel who will seek pro hac vice admission*

**WRITTEN CONSENT OF OTHER DEFENDANTS**

Consent to removal on behalf of Defendants PURDUE PHARMA L.P., PURDUE PHARMA INC., and THE PURDUE FREDERICK COMPANY INC.:

 /s/ Daniel J. Buckley
Daniel J. Buckley (3772)
VORYS, SATER, SEYMOUR and PEASE LLP
301 East Fourth Street
Suite 3500, Great American Tower
Cincinnati, OH 45202
(513) 723-4002
djbuckley@vorys.com

Patrick J. Fitzgerald*
R. Ryan Stoll*
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Times Square
New York, NY 10036
(212) 735-3000
patrick.fitzgerald@skadden.com
ryan.stoll@skadden.com

-and-

155 North Wacker Drive
Chicago, IL 60606
(312) 407-0700
*denotes national counsel who will seek pro hac vice admission*

Consent to removal on behalf of Defendants
TEVA PHARMACEUTICALS USA, INC.,
CEPHALON, INC., WATSON
LABORATORIES, INC., ACTAVIS LLC, and
ACTAVIS PHARMA, INC. F/K/A WATSON
PHARMA, INC.

/s/ Wendy West Feinstein
Wendy West Feinstein (0064973)
MORGAN, LEWIS & BOCKIUS LLP
One Oxford Centre, 32nd Floor
Pittsburgh, PA 15219-6401
(412) 560-7455
wendy.feinstein@morganlewis.com

Tinos Diamantatos*
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive
Chicago, IL 60601-5094
(312) 324-1145
tinos.diamantatos@morganlewis.com

Steven A. Reed*
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
(215) 963-5000
steven.reed@morganlewis.com

Brian M. Ercole
MORGAN, LEWIS & BOCKIUS LLP
200 S. Biscayne Blvd., Suite 5300
Miami, FL   33131-2339
brian.ercole@morganlewis.com
*denotes national counsel who will seek pro hac
vice admission*

Consent to removal on behalf of Defendants
JOHNSON & JOHNSON, JANSSEN
PHARMACEUTICALS, INC.,
ORTHO-MCNEIL-JANSSEN
PHARMACEUTICALS, INC. N/K/A JANSSEN
PHARMACEUTICALS, INC., and JANSSEN
PHARMACEUTICA, INC. N/K/A JANSSEN
PHARMACEUTICALS, Inc.:

 /s/ Justin E. Rice
John Q. Lewis (0067235)
Justin E. Rice (0080587)
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113-7213
Telephone: (216) 592-5000
Facsimile: (216) 592-5009
john.lewis@tuckerellis.com

Charles C. Lifland*
O'MELVENY & MYERS LLP
400 S. Hope Street
Los Angeles, CA 90071
(213) 430-6000
clifland@omm.com
*denotes national counsel who will seek pro hac
vice admission*

18

Consent to removal on behalf of Defendants
ALLERGAN PLC F/K/A ACTAVIS PLC and
ALLERGAN FINANCE, LLC F/K/A ACTAVIS,
INC. F/K/A WATSON PHARMACEUTICALS,
INC.:

/s/ Andrea B. Daloia
John R. Mitchell (#0066759)
Stacey A. Greenwell (#0077909)
Andrea B. Daloia (#0074106)
THOMPSON HINE LLP
3900 Key Center
127 Public Square
Cleveland, OH 44114-1291
Telephone: 216-556-5500
Facsimile: 216-556-5800
John.Mitchell@ThompsonHine.com
Stacey.Greenwell@ThompsonHine.com
Andrea.Daloia@ThompsonHine.com

Donna Welch, P.C.*
Martin L. Roth*
Timothy Knapp*
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
(312) 862-2000
donna.welch@kirkland.com
martin.roth@kirkland.com
timothy.knapp@kirkland.com

Jennifer G. Levy, P.C.*
KIRKLAND & ELLIS LLP
655 Fifteenth Street, NW
Washington, DC 20005
(202) 879-5000
jennifer.levy@kirkland.com
*denotes national counsel who will seek pro hac
vice admission

Consent to removal on behalf of Defendant
INSYS THERAPEUTICS, INC.:

/s/ Eric H. Zagrans
Eric H. Zagrans   (0013108)
ZAGRANS LAW FIRM LLC
6100 Oak Tree Boulevard, Suite 200
Cleveland, Ohio 44131
(216) 771-1000   (telephone)
(866) 261-2008   (facsimile)
eric@zagrans.com (e-mail)

J. Matthew Donohue* (Trial Attorney)
Joseph L. Franco*
HOLLAND & KNIGHT LLP
2300 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, OR 97204
Telephone: 503.243.2300
Facsimile: 503.241.8014
matt.donohue@hklaw.com
joe.franco@hklaw.com
*denotes national counsel who will seek pro hac
vice admission*

Consent to removal on behalf of Defendant
RUSSELL PORTENOY:

/s/ Jordan D. Rauch
O. Judson Scheaf, III (0040285)
Jordan D. Rauch (0093389)
HAHN LOESER & PARKS LLP
65 East State Street, Suite 1400
Columbus, Ohio 43215
(614) 233-5190
JScheaf@hahnlaw.com
JRauch@hahnlaw.com

Consent to removal on behalf of Defendants
PERRY FINE, M.D., SCOTT FISHMAN, M.D.,
and LYNN WEBSTER, M.D.:

/s/ Tyler Tarney
Greg Brunton (0061722)
Tyler Tarney  (0089082)
Daniel Hyzak (0091298)
GORDON & REES LLP
41 South High Street, Suite 2495
Columbus, Ohio 43215
T: (614) 340-5558; F: (614) 360-2130
gbrunton@grsm.com
ttarney@grsm.com
dhyzak@grsm.com

Consent to removal on behalf of Defendant
MCKESSON CORPORATION:

/s/ Vincent I. Holzhall
Vincent I. Holzhall (0074901)
STEPTOE & JOHNSON PLLC
41 South High Street, Suite 2200
Columbus, OH 43215
Telephone: (614) 221-5100
Facsimile: (614) 221-0952
vince.holzhall@steptoe-johnson.com

Consent to removal on behalf of Defendant
CARDINAL HEALTH, INC.:

/s/ James B. Hadden
James B. Hadden (0059315)
Joseph F. Murray (0063373)
Brian K. Murphy (0070654)
MURRAY, MURPHY, MOUL & BASIL
1114 Dublin Road
Columbus, OH 43215
614-488-0400
hadden@mmmb.com
murray@mmmb.com
murphy@mmmb.com

Consent to removal on behalf of Defendant
AMERISOURCEBERGEN DRUG
CORPORATION:

 /s/ Mark W. Bernlohr
Mark W. Bernlohr #0038640
Sandra K. Zerrusen #0070883
Aaron E. McQueen #0068753
Andrew N. Schock #0087998
JACKSON KELLY PLLC
50 South Main Street, Suite 201
Akron, OH 44308
Phone:   (330) 252-9060
Facsimile:   (330) 252-9078
mwbernlohr@jacksonkelly.com
skzerrusen@jacksonkelly.com
aaron.mcqueen@jacksonkelly.com
anschock@jacksonkelly.com

Robert A. Nicholas
Shannon E. McClure
REED SMITH LLP
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
(215) 851-8100
rnicholas@reedsmith.com
smcclure@reedsmith.com

Alvin L. Emch
JACKSON KELLY PLLC
500 Lee Street, East, Suite 1600
P.O. Box 553
Charleston, WV 25322
(304) 340-1000
aemch@jacksonkelly.com

Consent to removal on behalf of Defendant
MIAMI-LUKEN, INC.:

 /s/ Thomas J. Hurney
Thomas J. Hurney (WVSB #1833)
Laurie K. Miller (WVSB #8826)
JACKSON KELLY PLLC
500 Lee Street East
Suite 1600
Charleston, WV 25322
(304) 340-1000
thurney@jacksonkelly.com
lmiller@jacksonkelly.com


Clay K. Keller (OH #0072927)
JACKSON KELLY PLLC
50 South Main Street, Suite 201
Akron, Ohio  44308
Tel:  (330) 252-9060
Fax:  (330) 252-9078
ckkeller@jacksonkelly.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing is being served upon the following by regular United States mail, postage prepaid:

**Frank Gallucci**
PLEVIN, & GALLUCCI COMPANY, L.P.A.
55 Public Square Suite 2222
Cleveland, Ohio 44113

**Paul J. Napoli**
**Jodseph L. Ciaccio**
**Salvatore C. Badala**
NAPOLI SHKOLNIK, PLLC
400 Broadhollow Road – Suite 350
Melville, New York 11747

**Leo M. Spellacy, Jr.**
THRASHER DISMORE & DOLAN LPA
1111 Superior Avenue, Suite 412
Cleveland, OH 44114

**Scott Elliot Smith**
SCOTT ELLIOT SMITH LPA
5003 Horizons Dr. Ste. 200
Columbus, OH 43220

*Counsel for Plaintiff*

**Daniel J. Buckley**
VORYS, SATER, SEYMOUR and PEASE LLP
301 East Fourth Street
Suite 3500, Great American Tower
Cincinnati, OH 45202

**Patrick J. Fitzgerald**
**R. Ryan Stoll**
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
4 Times Square
New York, NY 10036

-and-

155 North Wacker Drive
Chicago, IL 60606

*Counsel for Defendants Purdue Pharma L.P., Purdue Pharma Inc., and The Purdue Frederick Company, Inc.*

**Wendy West Feinstein**
MORGAN, LEWIS & BOCKIUS LLP
One Oxford Centre, 32nd Floor
Pittsburgh, PA 15219-6401

**Tinos Diamantatos**
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive
Chicago, IL 60601-5094

**Steven A. Reed**
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103

**Brian M. Ercole**
MORGAN, LEWIS & BOCKIUS LLP
200 S. Biscayne Blvd., Suite 5300

*Counsel for Defendants Teva Pharmaceuticals USA, Inc., Cephalon, Inc., Watson Laboratories, Inc., Actavis LLC, and Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.*

**Charles C. Lifland**
O'MELVENY & MYERS LLP
400 S. Hope Street
Los Angeles, CA 90071

*Counsel for Defendants Johnson & Johnson, Janssen Pharmaceuticals, Inc., Ortho-Mcneil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc., and Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.*

**John R. Mitchell**
**Stacey A. Greenwell**
**Andrea B. Daloia**
THOMPSON HINE LLP
3900 Key Center
127 Public Square
Cleveland, OH 44114-1291

**Donna Welch, P.C.**
**Martin L. Roth**
**Timothy Knapp**
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654

**Jennifer G. Levy, P.C.**
KIRKLAND & ELLIS LLP
655 Fifteenth Street, NW
Washington, DC 20005

*Counsel for Defendants Allergan plc f/k/a Actavis plc, and Actavis, Inc. n/k/a Allergan Finance, LLC f/k/a Watson Pharmaceuticals, Inc.*

**Eric H. Zagrans**
ZAGRANS LAW FIRM LLC
6100 Oak Tree Boulevard, Suite 200
Cleveland, Ohio 44131

**J. Matthew Donohue**
**Joseph L. Franco**
HOLLAND & KNIGHT LLP
2300 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, OR 97204

*Counsel for Defendant Insys Therapeutics, Inc.*

**O. Judson Scheaf, III**
**Jordan D. Rauch**
HAHN LOESER & PARKS LLP
65 East State Street, Suite 1400
Columbus, Ohio 43215

*Counsel for Defendant Russell Portenoy*

**Greg Brunton**
**Tyler Tarney**
**Daniel Hyzak**
GORDON & REES LLP
41 South High Street, Suite 2495
Columbus, Ohio 43215

*Counsel for Defendants Perry Fine, M.D., Scott Fishman, M.D., and Lynn Webster, M.D*

**Vincent I. Holzhall**
STEPTOE & JOHNSON PLLC
41 South High Street, Suite 2200
Columbus, OH 43215

*Counsel for Defendant McKesson Corporation*

**James B. Hadden**
**Joseph F. Murray**
**Brian K. Murphy**
MURRAY, MURPHY, MOUL & BASIL
1114 Dublin Road
Columbus, OH 43215

*Counsel for Defendant Cardinal Health, Inc.*

**Mark W. Bernlohr**
**Sandra K. Zerrusen**
**Aaron E. McQueen**
**Andrew N. Schock**
JACKSON KELLY PLLC
50 South Main Street, Suite 201
Akron, OH 44308

**Robert A. Nicholas**
**Shannon E. McClure**
REED SMITH LLP
1717 Arch Street, Suite 3100
Philadelphia, PA 19103

**Alvin L. Emch**
JACKSON KELLY PLLC
500 Lee Street, East, Suite 1600
P.O. Box 553
Charleston, WV 25322

26

*Counsel for Defendant AmerisourceBergen*
*Corporation*

**Thomas J. Hurney**
**Laurie K. Miller**
JACKSON KELLY PLLC
500 Lee Street East
Suite 1600
Charleston, WV 25322

**Clay K. Keller**
JACKSON KELLY PLLC
50 South Main Street, Suite 201
Akron, Ohio  44308

*Counsel for Defendant Miami-Luken, Inc.*


Dated:   January 18, 2018


         /s/ Carole S. Rendon
         *Attorney for Defendants Endo Health Solutions*
         *Inc. and Endo Pharmaceuticals Inc.*