UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | CASE NO. 1:17-MD-2804 |
| THIS DOCUMENT RELATES TO: *"Track 3"* | ) ) ) ) ) | JUDGE POLSTER <br><br> **JUDGMENT ORDER** |

On November 23, 2021, at the conclusion of Phase I of the Track Three bellwether trial, a jury found Defendants CVS, Walmart, and Walgreens liable for creating a public nuisance in Ohio's Lake County and Trumbull County. *See Verdict Forms* (docket no. 4176). The Court then conducted Phase II of the trial to determine the appropriate remedy and, on August 17, 2022, entered an Order awarding abatement and other injunctive relief. *See CT3 Abatement Order* and *Injunction Order* (docket nos. 4611 & 4611-1).

The *Abatement Order* and *Injunction Order* did not resolve all of the Track Three Plaintiffs' claims against these three Defendants – the Court earlier severed numerous claims, which were not tried. This circumstance implicates Fed. R. Civ. P. 54(b), which states: "When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." *See Gen. Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1027 (6th Cir. 1994) (articulating a non-exhaustive list of factors that district courts should consider when making a Rule 54(b) determination).

The Court concludes the *GenCorp* factors weigh heavily in favor of entering final judgment in this case, and there is no just reason for delay. In particular, the Court finds that the interests of efficient case management weigh heavily in favor of allowing an immediate appeal, because the remaining unadjudicated claims in these cases have been effectively stayed and will not be further developed any time soon in these MDL proceedings. Thus, there is no realistic possibility that the need for review might be mooted by future developments in the case. Moreover, because Plaintiffs' public nuisance theory is relatively novel and has been advanced by thousands of other plaintiffs in the MDL, all parties have repeatedly expressed an interest in obtaining, as soon as possible, appellate review of the Court's rulings leading up to and including the *Abatement Order* and *Injunction Order*.

Accordingly, pursuant to Rule 54(b), the Court now enters **final judgment** on Plaintiffs' public nuisance claims against CVS, Walmart, and Walgreens. For all of the reasons set forth in the *Abatement Order*, CVS, Walmart, and Walgreens shall pay into the Abatement Fund a total amount of $650.6 Million, less any settlement amounts paid by other pharmacies in the Counties. The three Defendants are jointly and severally liable for these payments. The total amount shall be paid annually over the next 15 years, in the amount of 1/15 of the total abatement award, except that on or before October 1, 2022, Defendants shall make an initial payment comprising the first two years' worth of installments, with the next payment being due on October 1, 2024, and annually thereafter. Furthermore, the Defendants shall adhere to the injunctive relief entered in the *Injunction Order*, beginning on the date therein-described. *See* docket no. 4611-1 ¶ I.A at 1.

The Court will retain jurisdiction regarding appointment of an Administrator to oversee and

administer the *Abatement Award* and *Injunction Award*.[1] In that regard, the parties are directed to meet and confer and submit suggestions for whom the Court should appoint as Administrator; submissions should be emailed to the Court and Special Master Cohen on or before noon on Friday, September 16, 2022.

**IT IS SO ORDERED.**

/s/ *Dan Aaron Polster*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

**Dated:** August 22, 2022

---

[1] *See* Fed. R. Civ. P. 62(d) (even while an appeal of an injunction order is pending, "the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights"); *Maid of Mist Corp. v. Alcatraz Media, LLC*, 2010 WL 1687810, at *12-13 (N.D. Ga. Apr. 26, 2010), *aff'd* 446 F. App'x 162 (11th Cir. 2011); *Geddes v. HSBC Bank USA*, 2012 WL 4120495, at *1 (D. Ariz. Sept. 19, 2012).